JUDGE MARRERO

**08 CV 3454**

208-08/PJG/SL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
MUR SHIPPING BV
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MUR SHIPPING BV,

                          Plaintiff,

   - against –

SWISS SINGAPORE OVERSEAS ENTERPRISES
PTE LTD.,

                          Defendant.
------------------------------------------------------------------x



08 CIV _____ (    )

**VERIFIED COMPLAINT**

      Plaintiff MUR SHIPPING BV (hereinafter "MUR SHIPPING"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SWISS SINGAPORE OVERSEAS ENTERPRISES PTE LTD. (hereinafter, "SWISS"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the recognition and enforcement of a foreign maritime arbitration award. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.*, and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

NYDOCS1/302211.1

2. At all times relevant hereto, MUR SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Atrium Building, Strawinskylaan, 3011, NL 10077 ZX, Amsterdam, The Netherlands.

3. At all times relevant hereto, Defendant SWISS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 3, Shenton Way, #14-01, Shenton House 068805, Singapore.

4. By a maritime contract of charter party on an amended Amwelsh form dated April 21, 2005, Plaintiff MUR SHIPPING chartered the M/V XANADU to Defendant SWISS to carry a cargo of 40,000/44,000 metric tons of bulk coal from Indonesia to Pipavav.

5. The charter provided for the application of English law and for all disputes between the parties to be referred to arbitration in London.

6. Disputes arose between the parties. Specifically, MUR SHIPPING claimed damages arising out of SWISS' repudiatory breach of the charter. London arbitration proceedings were subsequently commenced.

7. On April 8, 2008, after having found in favor of MUR SHIPPING, the London arbitrator issued an Award (attached hereto as **Exhibit A**) holding as follows:

   a. SWISS to pay MUR SHIPPING $546,790.78 together with compound interest thereon at the rate of 7.5% per annum compounded at three monthly rests from May 21, 2005 until the date of payment;

   b. SWISS to pay MUR SHIPPING's costs incurred during the London arbitration;

   c. SWISS to bear the costs of the Award in the amount of £9,725, provided that if, in the first instance, MUR SHIPPING paid any part of the said costs, MUR

SHIPPING to be entitled to immediate reimbursement by SWISS of the sum so paid; and

d. MUR SHIPPING to be entitled to compound interest at the rate of 7.5% per annum compounded at three monthly rests on any sums payable to them under paragraphs (b) and (c) from the date of the Award until the date of payment or reimbursement as appropriate.

8. Under English law, the underlying claim is considered maritime and the Award entered in the London is considered a maritime arbitration award.

9. SWISS was represented in the London arbitration by legal counsel and participated in the proceedings against it.

10. SWISS has made no payment against the Award.

11. The Award should be recognized and enforced as a judgment of this Court pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.*, and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

12. In all, the claim for which MUR SHIPPING sues in this action, as near as presently may be estimated, is calculated as follows:

a. Principle Claim awarded: $546,790.78

b. Costs awarded: $102,627.62

c. Interest awarded through to date (April 8, 2008): $130,581.60

for a total claim in this action of **$780,000**, together with any interest, costs and attorneys fees incurred in this action as this Court deems appropriate, no part of which has been paid by SWISS.

13. MUR SHIPPING also seeks security in support of its total claim in the amount of $780,000 less $250,000 which has been secured via an FNB Bank Guarantee for a sum of **$530,000**. MUR SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum be insufficient to fully secure MUR SHIPPING.

14. Upon information and belief, and after investigation, Defendant SWISS cannot be "found" within this district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, from, or for the benefit of Defendant SWISS (hereinafter, "ASSETS"), including but not limited to ASSETS, at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff MUR SHIPPING prays:

a. That process in due form of law according to the practice of this Court issue against Defendant SWISS, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of **$780,000**, together with interest, costs and attorneys fees incurred in this action as this Court deems appropriate;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$530,000** be restrained and attached, including but not

limited to any cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of, belonging to, due to, from, or for the benefit of Defendant SWISS (collectively "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court recognize and enforce the London Arbitration Award in favor of Plaintiff MUR SHIPPING and against Defendant SWISS, and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 8, 2008

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    MUR SHIPPING BV

By: _____
                    Peter J. Gutowski (PG 2200)
                    80 Pine Street
                    New York, NY 10005
                    (212) 425-1900
                    (212) 425-1901 fax

# Exhibit A

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

<u>**AND**</u>

<u>**IN THE MATTER OF AN ARBITRATION**</u>

<u>**B E T W E E N**</u>:-

**MUR SHIPPING BV**

<u>**Claimants**</u>
(Disponent Owners)

- and -

**SWISS SINGAPORE OVERSEAS ENTERPRISES PTE LTD.**

<u>**Respondents**</u>
(Charterers)

"**XANADU**"

<u>**Charterparty dated 21st April 2005**</u>

---

**FINAL ARBITRATION AWARD**

---

**W H E R E A S**:-

1. By a contract contained in and evidenced by a recapitulation email of 21st April 2005 for a charterparty on an amended Amwelsh form, the claimants (hereinafter referred to as "the Owners") chartered the "XANADU" to the respondents (hereinafter referred to as "the Charterers") to carry a cargo of minimum 40,000 metric tons/maximum 44,000 metric tons of coal in Bulk from Tenjung Pemancingan, Indonesia to Pipavav. The parties subsequently altered the load port to Kota Baru.

2. The said charterparty provided, inter alia, that should any disputes arise between the parties, they were to be referred to arbitration in London, each party appointing an arbitrator and a third being appointed by the two so chosen.

3. Disputes arose between the parties as detailed hereafter. The Owners appointed me, Mark Hamsher of 18c Ensign Street, London, E1 8JD, as the arbitrator nominated by them on 31st May 2005. Notice of my appointment was given by the Owners' London solicitors to the Charterers on the same day. In the absence of an appointment of an arbitrator by the Charterers, on 27th June 2005 I accepted appointment as sole arbitrator. The seat of the arbitration was therefore in London.

4. Initially the Owners claimed demurrage and loss of profits following the Charterers' alleged repudiatory breach of the charterprty in the amount of US$1,142,243.38 together with interest and costs. They advanced various alternative claims in lesser amounts. The Charterers denied liability for the claims. During the course of the reference, the Owners' claim for demurrage/damages for detention was settled.

5. I received written submissions from the Owners' and the Charterers' London solicitors. The parties were content that I should proceed to my award on the basis of the written submissions alone without an oral attended hearing unless, on reviewing the documentation, I concluded that I would benefit from hearing oral argument and evidence. The Owners requested me to make a reasoned award and my reasons are hereby attached to and form part of this my final award.

6. NOW I the said Mark William Hamsher, having taken upon myself the burden of this reference, having considered the written evidence and arguments submitted to me, having concluded that this is a case in which I would not benefit from oral evidence and arguments DO HEREBY MAKE, ISSUE AND PUBLISH this my FINAL AWARD as follows:-

A) I FIND that the Owners' claim succeeds in the reduced amount of US$546,790.78 and no more.

B) I THEREFORE AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners US$546,790.78 (five hundred and forty-six thousand, seven hundred and ninety dollars and seventy-eight cents) together with compound interest thereon at the rate of 7.5% per annum compounded at three monthly rests from 21st May 2005 until the date of payment.

C) I FURTHER AWARD AND ADJUDGE that the Charterers shall bear their own and the Owners' costs of the reference (the latter, if not agreed, to be assessed in the option of the Owners either by the English High Court of Justice or by me in an award of costs, I hereby reserving my jurisdiction as necessary).

D) I FURTHER AWARD AND ADJUDGE that the Charterers shall bear the costs of this my final award in the amount of £9,725.00 PROVIDED that if, in the first instance, the Owners shall have borne any part of the said costs of this award they shall be entitled to immediate reimbursement by the Charterers of the sum so paid.

- 4 -

E) I FURTHER AWARD AND ADJUDGE that the Owners shall be entitled to compound interest at the rate of 7.5% per annum compounded at three monthly rests on any sums payable to them under paragraphs C and D above from the date of this award until the date of payment or reimbursement as appropriate.

GIVEN under my hand in London this            day of        April        2008

..................................................          ...................................

Sole Arbitrator                                    Witness

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
8th day of April, 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/302211.1                               6